**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DONNIE DELATTE**                              **CIVIL ACTION**

**VERSUS**                                      **NUMBER 09-380-RET-DLD**

**NEFF RENTAL, INC.**

**MAGISTRATE JUDGE'S REPORT**

This diversity matter is before the court on plaintiff's motion to remand. On May 13, 2009, plaintiff filed a petition against defendant in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, and defendant timely filed a notice of removal alleging diversity jurisdiction, 28 U.S.C. §1332. Thereafter, plaintiff filed a motion to remand, which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 9). The issue before the court is whether plaintiff's claims for damages satisfied the amount in controversy requirement at the time of removal.

**Factual Background**

Plaintiff Donnie Delatte was employed by defendant Neff Rental, Inc. in its Gonzales, Louisiana, office from March 28, 2005, to April 9, 2009 (rec. doc. 1). Defendant is a Florida corporation, with its principal place of business in Florida and with satellite locations throughout the Gulf South region (rec. doc. 6). On March 28, 2005, plaintiff executed a non-compete agreement in connection with his employment with defendant (Florida non-compete agreement). The non-compete agreement prohibits plaintiff from engaging "in any business or activity within a fifty (50) mile radius of the branch(es) the Employee rendered services" for a period of six (6) months following termination with defendant(rec. doc. 1-5). On April 9, 2009, plaintiff voluntarily terminated his employment with defendant and advised defendant

that he intended to begin working for H & E Equipment Services ( H & E) in Louisiana (rec. doc. 6).  As a result of plaintiff's new employment, defendant reminded plaintiff of his obligations under the non-compete agreement.  Plaintiff responded with an April 27, 2009, letter explaining that his employment by H & E was not a violation of his obligations to defendant and that the non-compete agreement was unenforceable as written based on Louisiana law.

On May 1, 2009, defendant filed suit against plaintiff alleging violations of the Florida non-compete agreement in the matter entitled, *Neff Rental, Inc. v. Donnie Delatte*, Suit No. 09-35782, Miami-Dade County, State of Florida (Florida suit).  In response to the Florida suit, plaintiff filed the instant suit against defendant seeking a declaratory judgment that the Florida non-compete agreement is invalid and unenforceable under Louisiana law and that defendant acted in restraint of trade and committed intentional torts, interfered with prospective economic advantage, and committed unfair trade practices, and for damages for restraint of trade and intentional tort, tortious interference with prospective economic advantage, and unfair trade practices in violation of La. R.S. 51:1401, et. seq (rec. doc.  1).

Defendant removed this matter based on diversity jurisdiction, and plaintiff timely filed a motion to remand, which is now before the court.

### **Arguments of the Parties**

The only issue before the court is whether the amount in controversy was satisfied at the time of removal. Plaintiff argues that he specifically stated in his petition that he was seeking damages "which in any event will not exceed $75,000, exclusive of interest and costs;" therefore, it is not facially apparent that the amount in controversy is satisfied. Additionally, plaintiff contends that defendant's "bare allegations" that plaintiff "might" recover

more than $75,000 do not satisfy its burden of proving by a preponderance of the evidence that the amount in controversy was met at the time of removal.

Defendant suggests that the only available means for determining plaintiff's alleged damages is to examine his annual income while employed by defendant and from those figures, estimate the amount of plaintiff's potential lost earnings due to the alleged damage to his business reputation and loss of economic advantage (rec. doc. 10).  Defendant indicates, without support, that plaintiff's annual income while employed by defendant was $78,750 from January through December 2008, and $73,356 from April 2008 through May 2009.  Defendant argues that if the court considers plaintiff's previous earnings in connection with his claims for damage to business reputation, restraint of trade, and treble damages for unfair trade practices, plaintiff's damages will exceed $75,000.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c).  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The first requirement under 28 U.S.C. §1332 is that the parties be of diverse citizenship, which must exist at the time the action is commenced and at the time of removal

to federal court. *Coury v. Port*, 85 F.3d 244 (5th Cir. 1996). Plaintiff is a citizen of Louisiana, and defendant is a citizen of Florida. Diversity of citizenship is satisfied and is not an issue in plaintiff's motion to remand.

The second requirement under 28 U.S.C. §1332 is that the amount in controversy exceed $75,000, which is disputed. The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; see also *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted). If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000. *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002). He may establish this by identifying a statute, or by filing a binding stipulation, that so limits his recovery. *Id.*

The court first looks to the face of the petition to determine whether the amount in controversy is facially apparent. The petition seeks compensatory damages for restraint of trade, intentional tort, tortious interference with prospective economic advantage; treble

damages for unfair trade practice; and attorney's fees, but specifically indicates that damages "in any event will not exceed $75,000, exclusive of interest and costs" (rec. doc. 1).  Plaintiff also states in his status report that the amount in controversy does not satisfy the jurisdictional minimum of $75,000, exclusive of interest and costs (rec. doc. 6).  There is no other factual information in the petition that supports a contrary conclusion.

Plaintiff's statements that his damages will not exceed $75,000 were made pursuant to the requirements of La. Code Civ. P. Art. 893 to avoid federal jurisdiction, but those statements are not totally dispositive.[1]  Rather, plaintiff's statements in conjunction with the information in the petition  merely serve to shift the burden of proof to the defendant, and will control only if the defendant fails to meet its burden of proving that the amount in controversy is satisfied. See, e.g.,  Myers v. Gregory, 2008 WL 239570 (W.D. La. 2008).  In other words, it is not facially apparent that more than $75,000 is at stake, and the burden has shifted to the defendant.  Defendant in fact recognizes that the amount in controversy is not apparent from the face of the petition and seeks to prove that the amount in controversy is satisfied by setting forth facts in the notice of removal that show that the plaintiff's damages, should he prevail, would more than likely exceed $75,000 (rec. docs. 1, 10).[2]

---

[1] La. Code Civ. P. Art. 893 provides in pertinent part as follows:
No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

[2] Defendant argues that plaintiff has not made a binding stipulation, which is correct, and that defendant therefore is not precluded from removing the action, which also is correct. At times it appeared that defendant was trying to argue that plaintiff had to establish amount in controversy as a legal certainty at the pleading stage in order to defeat removal, which is not correct. If it is not apparent from the face of the petition that more than $75,000 is at issue, as is the case here, then defendant can remove **if** it shows by a preponderance of the evidence that the amount in controversy is satisfied.  At that point, plaintiff can succeed

In the notice of removal and in opposition to plaintiff's motion to remand, defendant recites plaintiff's annual income while employed by defendant and argues that the amount in controversy is satisfied if, in addition to treble damages, "[plaintiff] is unable to earn any living whatsoever" or "only able to earn 1/3 of his 2008 or 2009 earnings" (rec. doc. 10). Defendant's position that plaintiff's annual earnings while employed with defendant viewed in light of his future claims for damage to his business reputation, loss of economic advantage, and unfair trade practices (treble damages), prove that the amount in controversy is satisfied is purely speculative.  Defendant attempts to bolster his amount in controversy argument by noting that plaintiff "has not established how many months or years into the future the alleged damage to his business reputation will extend" and "theoretically he may claim damage for years into the future" (rec. doc. 10).  It is just as likely, however, that plaintiff's damages are quite limited based on the few facts before the court.

Plaintiff's suit basically seeks damages for injury caused by defendant's filing suit in Florida to enforce the non-compete agreement.  Thus, plaintiff's alleged damages for harm to business reputation, loss of economic advantage, and unfair trade practice began to accrue, at the earliest,  on the date the Florida suit was filed, or May 1, 2009.  All parties acknowledge that plaintiff was immediately employed by H & E after voluntarily terminating his employment with defendant on April 9, 2009.  There is no information in the record to indicate that plaintiff had difficulty finding or keeping employment, which would support a claim for damage to business reputation, or that plaintiff's income with H & E is less than that earned while employed by defendant, which would support a claim for damages for loss of

---

in having the matter remanded only by showing to a legal certainty that the amount is less than that required. Even where it is facially apparent that more than $75,000 is at issue and the case is removed, plaintiff can still defeat removal if plaintiff can establish by a legal certainty that the amount in controversy was actually less than the requisite amount at the time of removal despite its having been facially apparent in the petition.

prospective economic advantage.  Furthermore, defendant's argument that plaintiff's claim for treble damages "could reach $225,000 in just one year" assumes plaintiff's damages will equate to the loss of a year of income at the rate plaintiff previously earned while employed by defendant, which is entirely speculative and at odds with what few facts are in the record. The facts in evidence, which is all that the court can consider, show that plaintiff was immediately employed after voluntary termination with defendant, and there is no evidence in the record to prove a loss of income or even a reduced income.

The mere fact that plaintiff earned approximately $75,000 annually while employed with defendant does not, standing alone, support a finding that plaintiff's damages more likely than not could exceed $75,000.  Thus, defendant has failed to set forth facts to prove by a preponderance of the evidence that the amount in controversy was satisfied at the time of removal.[3]

Plaintiff requests the payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal as allowed by 28 U.S.C. §1447(c).  The award is within the discretion of the district court and is to be guided by the standard that,

---

[3] Defendant makes no argument whatsoever regarding the value of declaratory judgment and thus obviously did not carry its burden of proof.  In a declaratory judgment action, the amount in controversy is established by the value of the object of the litigation or the value of the right to be protected or extent of the injury to be prevented. See *Audio Visual Mart, Inc. v. Telesensory Corp*, 1996 WL 495151 (E. D. La. 1996), citing *Webb v. Investacorp, Inc.,* 89 F.3d 252 (5th Cir. 1996); *Birk v. HUB International Southwest Agency, LTD.*, 2008 WL 4372694 (W.D. Tex. 2008) (court held that defendant established the amount in controversy by introducing affidavits and a report of plaintiff's commissions, demonstrating the amount plaintiff would gain if a court invalidated the non-compete or non-solicitation agreement between the parties).  Based on the facts in evidence, the value of plaintiff's claim is the value of the right to sell competitive products for six months within a 50-mile radius of the branches where he previously rendered services to defendant (rec. doc. 1-5); *Audio Visual Mart, Inc. v. Telesensory Corp.* at *3. Even if the court considers plaintiff's annual income of approximately $75,000 as the value of plaintiff's right to sell competitive products (which has not been established), the non-compete agreement only limits plaintiff's ability to compete for six months or $37,500, which would not meet the amount in controversy.  Thus, the limited facts provided do not support a valuation of greater than $75,000 in light of the terms of the non-compete agreement.

"[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711. The Court concludes that, under the standard set forth in *Valdes v. Wal-Mart Stores, Inc.*, supra, an award of attorney's fees is not warranted. Although the removing defendant failed to satisfy the amount in controversy requirement, it did not lack an objectively reasonable basis for removal, warranting the imposition of attorney's fees under Section 1447(c).

### Conclusion

The amount in controversy is not facially apparent from plaintiff's petition, and defendant has failed to offer credible evidence to prove by a preponderance of the evidence that plaintiff's claims satisfy the amount in controversy required to establish diversity jurisdiction. Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 9) should be **GRANTED**, and this matter be **REMANDED** to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that plaintiff's request for costs and expenses, including attorney's fees (rec. doc. 9) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on December 9, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONNIE DELATTE**                                         **CIVIL ACTION**

**VERSUS**                                                 **NUMBER 09-380-RET-DLD**

**NEFF RENTAL, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 9, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**